UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD K. PHILLIPS, | ) | CASE NO. 1:23-CV-832 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| GERALD GEORGE PHILLIPS, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* plaintiff Gerald K. Phillips filed this civil rights action against Gerald George Phillips, Edwin Vargs, Michael Kenny, William Summers, Gruin and Gruin, Madison Conjeni, Tammie Harris, and the Social Security Administration.[1] (Doc. No. 1). Plaintiff asks the Court for help pursuing his inheritance, to have him "civilly exonerated," to order the parties to "follow the law of the [Freedom of Information Act], to "hand over [his] estate," and to award him $50,000,000 in damages. For the following reasons, the Court dismisses the action.

**I. Background**

Plaintiff's complaint consists of more than 50 pages of a purported chronology of the events of his life. The complaint contains nonsensical rhetoric, conclusory allegations, and

---

[1] Although Harris is not listed in the caption of the complaint or as a party in the "Parties" section of the complaint, Harris is included on a summons and the U.S. Marshals Form 285. Additionally, the Social Security Administration is not listed as a defendant in the complaint, but it is included in the case caption on a summons. (*See* Doc. No. 1-3). The Court will therefore liberally construe Harris and the Social Security Administration as parties to the complaint.

seemingly random legal citations and is oftentimes difficult to follow. In Plaintiff's statement of claim, he notes the "filing of social security mental health disability" and a "social security appeal." He appears to allege that he filed an appeal in February 2022 but "never received a reply." (Doc. No. 1). On the civil cover sheet accompanying the complaint, Plaintiff lists as causes of action the Freedom of Information Act, 5 U.S.C. §552, and "4, 5 ,6, 8, 14 Amendment violations." (Doc. No. 1-1).

In the supplemental document attached to the complaint (Doc. No. 1-2), Plaintiff states that the complaint is a "documented historical discovery of family members who used [their] own child as a bargaining chip…" (Doc. No. 1-2 at 2). Plaintiff proceeds to tell a story about his life and the alleged neglect and abuse he underwent as a child through adulthood. He lists family members, attorneys, and other individuals or entities who have committed some wrongdoing against him, some are listed as defendants while others are not.

Plaintiff's allegations include the following: "Young Gerald K. Phillips was way overly indicted" in February 2000 for attempted murder, felonious assault, and domestic violence; in 2003, Defendant Vargas arranged the kidnapping of an infant "through miscounsel misrepresentation"; "the estranged woman spent 20 years poisoning me with narcotics and date rape drugs"; in January 2006, the Cleveland Police illegally pursued me for a traffic citation; Plaintiff was wrongfully convicted of trespassing, criminal damaging, and carrying concealed weapons in 2009; Plaintiff's elderly father and Vargas arranged a robbery "to get [Plaintiff] to purchase a hand gun"; the body of Deborah Lynn Fordosi was removed from her casket; Defendant Conjeni illegally filed for a Second Stop loan; over $50,000 has "possibly been stolen" from Plaintiff; Defendant Gruin and Gruin committed theft by deception; Defendant Harrison "[preyed] on" Plaintiff's mother; the City of Parma jail left Plaintiff unconscious in a

"detox tank" for 2 days; the City of Parma illegally charged Plaintiff with a DUI; and Plaintiff was "civilly demolished, all my sovereignty as a natural born citizen of the U.S. was being trampled by these powerful people." (Doc. No. 1-2).

Plaintiff also appears to challenge his conviction in this district court in *USA v. Phillips*, Case No. 1:14CR00327.  As best the Court can discern, Plaintiff appears to make claims against Vargas and Summers in their capacity as his attorneys.  Plaintiff alleges Vargas and Summers created fictitious documents in his criminal case and "rob[bed Plaintiff's] family." (Doc. No. 1-2 at 30, 37).

Finally, in a separate filing that he labels "habeas corpus" (Doc. No. 3), Plaintiff appears to seek relief from his state criminal matter, *State of Ohio v. Phillips*, Cuyahoga County Court of Common Pleas No. CR-22-675602.  He claims that he is being denied the right to discharge his court-appointed attorney, who is allowing his speedy trial rights to be violated.  Plaintiff also takes issue with his competency evaluation and claims he has been subjected to dangerous body scans. (Doc. No. 3).

## II. Standard of Review

By separate order, the Court has granted this *pro se* plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2).  Accordingly, because Plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S.

Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff.

*See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) (district courts "have no obligation to act as counsel or paralegal" to *pro se* litigants); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (district courts are not required to create a *pro se* litigant's claim for him or her). Rather, the complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted). The complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations and emphasis omitted).

Here, Plaintiff fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Rule 8(a)(2). Rather, Plaintiff's complaint purports to be a story of his life, including the alleged wrongs that have been committed against him by the defendants and numerous other individuals and entities not named as defendants. The complaint includes legal terms and legal conclusions with no discernible factual allegations. Additionally, Plaintiff's complaint fails to assert a cognizable claim based on recognized legal authority. This Court and the defendants are left to guess at basic elements of Plaintiff's purported claim. The complaint does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8 and is therefore dismissed on this basis.

Even if Plaintiff had met the minimum pleading standards of Rule 8, he fails to state a claim upon which relief may be granted. As in initial matter, Plaintiff references the Freedom of Information Act and requests "all records relating to Gerald K. Phillips and family members," as

5

well as records concerning Plaintiff from various state and local police departments and hospital records. (Doc. No. 1-2). To the extent he seeks relief under this statute, Plaintiff's claim lacks an arguable basis in law. The Freedom of Information Act is applicable only to federal agencies. 5 U.S.C. §551(1). Here, the named defendants do not fall within the statutory definition of a federal agency. *See* 5 U.S.C. §551(1)(A)-(H). The Freedom of Information Act therefore does not apply.

To the extent Plaintiff is seeking judicial review of a Social Security decision, this Court lacks jurisdiction. Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides that after any final decision of the Commissioner of Social Security, an individual "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." Two elements are required to establish federal jurisdiction to review the decisions of the Commissioner of Social Security: (1) a plaintiff must exhaust his administrative remedies, and (2) the Commissioner must issue a final decision. *See Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir.1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327-29, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). Neither of these requirements is evident on the face of Plaintiff's pleadings.

To the extent Plaintiff alleges violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, the Court construes Plaintiff's claims under 42 U.S.C. § 1983. The Court finds, however, that Plaintiff gives no indication of how the individuals he names as defendants violated the rights he listed. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct.

corpus. *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Claims bearing that relationship to a conviction or sentence that has not been invalidated are not cognizable in a civil rights action. *Id.* It appears that Plaintiff's claims in this action challenge the validity of his conviction. He cannot bring these claims unless those convictions are reversed on appeal or unless this Court grants a writ of habeas corpus with respect to his conviction. Plaintiff has not alleged or demonstrated that either of these events occurred.

Plaintiff appears to seek relief from his state criminal matter, *State of Ohio v. Phillips*, Cuyahoga County Court of Common Pleas No. CR-22-675602. A federal district court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). But before a federal court will review the merits of a petition for a writ of habeas corpus, a person must exhaust his state-court remedies. *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c)); *see also Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)). Exhaustion is fulfilled once a state supreme court provides a convicted person a full and fair opportunity to review his claims on the merits. *Id.* (citing, among other authorities, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302-03, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984)). Upon a review of the Cuyahoga County Court of Common Pleas docket, the Court finds Plaintiff's criminal matter is still pending in the Cuyahoga County Court of Common Pleas. Plaintiff has not given the state courts a fair opportunity to consider the merits of the claims presented in his purported petition. He has therefore not properly exhausted his state court remedies. Accordingly, the Court dismisses Plaintiff's purported habeas claims without prejudice.

## IV. Conclusion

For the foregoing reasons, the Court dismisses this case pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 18, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE